**Order filed March 13, 2015**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-14-00850-CV

————————

## IN RE RICHARD PARKER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-13073**

---

## ORDER

On October 22, 2014, relator Richard Parker filed a petition for writ of habeas corpus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asked this Court to order his release from an allegedly void confinement in the Harris County Jail for contempt based on an order issued by the 247th District Court of Harris County. On October 30, 2014, this Court granted relator temporary relief by issuing an interim writ of habeas corpus and ordering relator released from confinement upon the

posting of a bond, pending this Court's consideration of his petition. *See* Tex. R. App. P. 52.8(b)(3), 52.10. On January 22, 2015, this Court abated this original proceeding pursuant to Texas Rule of Appellate Procedure 7.2(b) due to the resignation of the trial court judge who issued the challenged orders.

In the abatement order, we directed relator to advise this Court of the status of the underlying litigation every thirty days from the date of the order until the respondent's successor has informed this Court of the action taken upon reconsideration of the challenged order. Relator's first status update was due on February 23, 2015. However, relator has not filed a status update with this Court, nor has this Court been informed of any action by respondent's successor on the challenged order.

Accordingly, we **ORDER** relator to file a letter with this Court within 10 days of the date of this order explaining: (1) the current status of the underlying litigation; (2) whether the trial court has taken any action on the orders challenged in this original proceeding; and (3) whether relator presently intends to still seek relief by writ of habeas corpus with respect to the challenged order. If relator fails to file the letter required by this order, this Court will consider dismissal of this original proceeding on its own motion for want of prosecution.

This Court will consider an appropriate motion filed by either party to reinstate or dismiss this original proceeding, as appropriate.


PER CURIAM

Panel consists of Justices McCally, Busby, and Donovan.

2